

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN THOMPSON and ANGELA THOMPSON, *individually and on behalf of all others similarly situated*,

    Plaintiff,

-against-

FLUENT, INC., et al.,

    Defendants.

20-CV-2680 (VSB) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiffs brought this putative class action against defendants Fluent, Inc. and Reward Zone USA, LLC (collectively, defendants), alleging violations of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227 *et seq*. Defendants now move to stay this action pending the decision of the United States Supreme Court in *Facebook Inc. v. Duguid*, No. 19-511, which is scheduled for oral argument on December 8, 2020. (Dkt. No. 25.) For the reasons discussed below, defendants' motion is GRANTED.

## Background

Plaintiffs allege that they received automated, unsolicited text messages from defendants, in violation of the TCPA, even though they "were never customers of Defendants and never provided their cellular telephone numbers to Defendants." Compl. (Dkt. No. 1) ¶¶ 37-38. Plaintiffs seek to certify two classes. First, plaintiffs seek to certify an Automatic Telephone Dialing System (ATDS) Class, consisting of individuals "who received one or more unsolicited text messages from Defendants and/or a third party acting on Defendants' behalf when the text message was (1) not made for emergency purposes, (2) not made with the person(s) express prior written consent, and (3) was sent on or after March 31, 2016." Compl. ¶ 83. Second, plaintiffs seek to certify a Do Not Call (DNC) Class, consisting of individuals "who received more than one unsolicited text message within a twelve month period from Defendants and/or a third party

acting on Defendants' behalf where the text message (1) was sent to a telephone number registered with the National Do Not Call Registry prior to the text message being sent, (2) contained a message marketing a product or service of Defendants or their agents, and (3) was sent on or after March 31, 2016." *Id*. ¶ 84.

Plaintiffs' first cause of action, on behalf of the named plaintiffs and the ATDS Class, alleges negligent violations of the TCPA due to defendants' non-emergency calls and text messages "using an ATDS and/or artificial or prerecorded voice without obtaining prior express written consent" Compl. ¶¶ 90-94. Plaintiff's second cause of action, also on behalf of the named plaintiffs and the ATDS Class, alleges that those same actions were knowing and willful, again in violation of the TCPA. *Id.* ¶¶ 95-98. Plaintiffs' third and fourth causes of action assert claims on behalf of the named plaintiffs and the DNC Class, not the ATDS Class. *See id.* ¶¶ 99-106. Plaintiffs' fifth cause of action is a state claim. *Id.* ¶¶ 107-113.

On October 22, 2020, defendants moved to stay this action pending the United States Supreme Court's decision in *Facebook*, where the question presented is: "Whether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator." *See* Petition for Writ of Certiorari at ii, *Facebook, Inc. v. Duguid*, 2019 WL 5390116, at *ii (U.S. Oct. 17, 2019) (No. 19-511); *Facebook, Inc. v. Duguid*, 2020 WL 3865252, at *1 (U.S. July 9, 2020) (granting petition for writ of *certiorari* limited to that question).

As defendants note, the Supreme Court's decision in *Facebook* will not only resolve a circuit split as to the reach of the ATDS provisions of the TCPA; it is likely to be dispositive of (1) two of plaintiffs' five causes of action, and (2) whether plaintiff can certify one of the two putative classes alleged. *See* Def. Mem. (Dkt. No. 26) at 7-8. As a result, defendants explain, a stay at this juncture ultimately will streamline discovery because both federal ATDS causes of

action and the anticipated ATDS class certification motion will likely require voluminous discovery, including expert discovery to determine the technological capabilities of defendants' equipment. *Id.* at 5-8. Moreover, defendants explain, the stay will be brief (limiting any prejudice to plaintiffs) because the Supreme Court has scheduled oral argument in *Facebook* for December 8, 2020 and thus will likely decide the case in the current Term. *Id.* at 11. Therefore, defendants contend, the relevant factors weigh in favor of staying the case. The Court agrees.

## Analysis

In determining whether to grant a stay, courts in this district ordinarily consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); *accord Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 527 (S.D.N.Y. 2020) (collecting cases). Courts balance the *Kappel* factors "on a case-by-case basis," with the goal of avoiding prejudice. *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005).

Four of the five *Kappel* factors weigh in favor of the requested stay. As to the second factor, defendants have a substantial interest in staying this action pending the Supreme Court's decision so as to avoid the burden of extensive discovery that may prove unnecessary. Both of plaintiffs' ATDS claims – that is, two of the four federal claims asserted in this action – may be mooted following *Facebook*. Moreover, neither party has suggested that discovery is severable – *i.e.*, that there is a practical way to permit discovery to move forward on the DNC claims but not on the ATDS claims. Therefore, the second factor weighs substantially in favor of staying the case.

With respect to the third and fifth factors, a stay here "conserves judicial resources and avoids unnecessary expense for a cause of action that may ultimately be rendered moot." *Loftus*, 464 F. Supp. 3d at 527; *see also Readick v. Avis Budget Grp.*, 2014 WL 1683799, at *6 (S.D.N.Y. Apr. 28, 2014) (quoting *Estate of Heiser v. Deutsche Bank Trust Co. Americas*, 2012 WL 2865485, at *5 (S.D.N.Y. July 10, 2012), *aff'd*, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012)) ("Considerations of judicial economy are frequently viewed as relevant to the public interest, and, as noted, they weigh against the investment of court resources that may prove to have been unnecessary."); *Catskill Mtns. Chapter of Trout Unltd., Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 306 (S.D.N.Y. 2009) ("By conserving judicial resources, a stay will serve not only the interest of the courts, but also the interests of the Parties, the nonparties, and the public in 'an orderly and efficient use of judicial resources.'"). In fact, a number of district courts, including one in this district, have previously stayed TCPA litigation pending the outcome in *Facebook*. *See, e.g.*, Mem. Op. and Order, *Loftus v. Signpost Inc.*, No. 19-CV-7984-JGK, ECF No. 53 (S.D.N.Y. Oct. 19, 2020); *Trim v. Mayvenn, Inc.*, 2020 WL 6460543, at *6 (N.D. Cal. Nov. 3, 2020); *Palmer v. KCI USA, Inc.*, 2020 WL 6441268, at *5 (D. Neb. Nov. 3, 2020); *Aleisa v. Square, Inc.*, 2020 WL 5993226, at *9 (N.D. Cal. Oct. 9, 2020); *Sealey v. Chase Bank (U.S.A.), N.A.*, 2020 WL 5814108, at *3 (N.D. Cal. Sept. 29, 2020); *Creasy v. Charter Comms., Inc.*, 2020 WL 5761117, at *8 (E.D. La. Sept. 28, 2020).

As to the fourth factor, third parties also have an interest in a stay, particularly given plaintiffs' assertion that they will require substantial third-party discovery concerning their ATDS claims. *See* Pl. Mem. (Dkt. No. 28) at 4-5. The Supreme Court's decision may reduce the need for such discovery, thereby lessening the burden on third parties.

Plaintiffs contend that the first factor weighs against the requested stay. They argue that any delay would prejudice them and absent class members, primarily because "potentially

numerous third parties possess relevant documents and information that risks being deleted, lost, destroyed, or forgotten while this case awaits a ruling" in *Facebook*. Pl. Mem. at 4. However, plaintiffs' concern is diminished where, as here, the Supreme Court has already set an oral argument date, such that the stay will be "for a relatively brief period of time." Mem. Op. and Order, *Loftus*, at 2. Moreover, plaintiffs have already served a subpoena on what appears to be the primary third-party witness, Pl. Mem. at 5, imposing a document preservation obligation on that entity. Plaintiffs' concerns thus cannot tip the balance of the motion.

## Conclusion

Defendants' motion to stay (Dkt. No. 25) is GRANTED. This action is STAYED pending the resolution of *Facebook, Inc. v. Duguid*, No. 19-511, by the United States Supreme Court. The parties are directed to submit a joint status letter within seven days of the *Facebook* decision, attaching the decision, providing the Court with the parties' views as to its effect on this action, and proposing any necessary modifications to the Case Management Plan and Scheduling Order (Dkt. No. 21).

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 25.

Dated: New York, New York
November 29, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**